UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE LYNN McCOY,<br><br>  Petitioner,<br><br>  v.<br><br>JEFFREY A. BEARD,<br><br>  Respondent. | No. 2:14-cv-1999 JAM CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

In this pro se prisoner action pursuant to 28 U.S.C. § 2254, petitioner challenges his 2010 conviction for torture, infliction of corporal injury, and related offenses. (ECF No. 1 at 1.) Before the court is respondent's unopposed motion to dismiss the petition as premature, as an appeal of petitioner's criminal sentence is currently pending in the state court of appeal. (ECF No. 13.) Having carefully reviewed the record and applicable law, the undersigned will recommend that respondent's motion be granted.

II. Procedural History

In December 2010, following a jury trial in the Sacramento County Superior Court, petitioner was convicted of multiple offenses stemming from an attack on his girlfriend that left her paralyzed. He was sentenced to an indeterminate term of 25 years to life in state prison.

/////

(Lod. Doc. 2 at 2.)[1]  Petitioner appealed his convictions.  On May 3, 2013, the California Court of Appeal, Third Appellate District, affirmed the convictions but remanded for resentencing on two counts, citing an error in the abstract of judgment and the fact that "the trial court neglected to impose sentence on counts 2 and 3 before staying their execution pursuant to Penal Code 654, resulting in an unauthorized absence of sentence."  (Lod. Doc. 2 at 2-3, 56.)  Petitioner sought review in the California Supreme Court, which denied review on August 14, 2013.  (Lod. Docs. 3-4.)

On September 27, 2013, petitioner filed a notice of appeal from his resentencing in the Third District Court of Appeal.  (Lod. Doc. 1.)  On July 14, 2014, he filed his opening brief, asking the court of appeal to independently review the record for any arguable issues pursuant to People v. Wende, 25 Cal. 3d 435 (1979).  (Id.)  On August 25, 2014, petitioner's appeal was deemed fully briefed, and an opinion has yet to issue.  (Id.)

Petitioner filed the instant action on August 28, 2014, but did not indicate that an appeal of his resentencing was pending.  (ECF No. 1.)

III.  Analysis

A federal court generally will not enjoin or directly intercede in ongoing state court proceedings absent the most unusual circumstances.  Younger v. Harris, 401 U.S. 37 (1971).  Federal courts will abstain if the state proceeding 1) is currently pending, 2) involves an important state interest, and 3) affords the petitioner an adequate opportunity to raise constitutional claims.  Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).

In Phillips v. Vasquez, 56 F.3d 1030 (9th Cir. 1995), the Ninth Circuit considered whether Younger abstention was warranted where a federal habeas petitioner's capital conviction was final but his sentence was still being appealed.  It reasoned: "The state has already adjudicated Phillips' guilt, its decision in that regard is final, and Phillips seeks nothing more than federal

---

[1] Lodged Documents refer to documents lodged by respondent on October 28, 2014.  (ECF No. 14.)

1 review of that decision.  The ongoing state proceeding involves sentencing only, and the state is
2 free to continue with its sentencing determination." (Id. at 1033.)  In such circumstances, the
3 court concluded that the Younger doctrine did not preclude federal review of petitioner's claims.
4      More recently, however, Phillips has been characterized as a narrow holding that turned
5 on the "unreasonably long delay" in the capital appeals process in Phillips' case.  Edelbacher v.
6 Calderon, 160 F.3d 582, 585-586 (9th Cir. 1998).  In a case where no unusual delay existed, the
7 Ninth Circuit "decline[d] to depart from the general rule that a petitioner must await the outcome
8 of the state proceedings before commencing his federal habeas corpus action."  Id. at 582-583;
9 see id. at 586, n.5 (citing cases).  See also Dean v. Sandor, 2011 WL 3652383 (C.D. Cal. July 12,
10 2011) (where federal petition challenges constitutionality of conviction, and direct appeal of
11 sentence is pending, Edelbacher controls, and petition must be dismissed pending outcome of
12 state proceedings) (findings and recommendations adopted by district court on August 18, 2011).
13      Because there has been no extreme delay in petitioner's case, and in light of principles of
14 comity and the risk of piecemeal litigation, the undersigned concludes that the Younger doctrine
15 requires dismissal of this action without prejudice.  See Beltran v. California, 871 F.2d 777, 782
16 (9th Cir. 1988) ("Where Younger abstention is appropriate, a district court cannot refuse to
17 abstain, retain jurisdiction over the action, and render a decision on the merits after the state
18 proceedings have ended.  To the contrary, Younger abstention requires *dismissal* of the federal
19 action.") (emphasis in original).[2]  Petitioner may re-file a federal habeas action when state
20 proceedings concerning his conviction and sentence are complete.
21      Accordingly, IT IS HEREBY RECOMMENDED THAT:
22      1.  Respondent's motion to dismiss (ECF No. 13) be granted; and
23      2.  The petition be dismissed without prejudice.
24      These findings and recommendations are submitted to the United States District Judge
25 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
26 after being served with these findings and recommendations, petitioner may file written

---

[2] As Younger abstention is appropriate, the court does not address respondent's alternative argument that this action be administratively stayed during the pendency of the appeal.

objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 11, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/mcco1999.156b

4